IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Margie Elaine Tolleson,  )
                Plaintiff,  )  Civil Action No.: 9:18-cv-0333-TLW
                v.  )
Nancy A. Berryhill, Acting Commissioner,  )
Social Security Administration,  )
                Defendant.  )

## ORDER

Plaintiff Margie Elaine Tolleson brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security (Commissioner), denying her claims for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation (the Report) filed on March 5, 2019, by United States Magistrate Judge Bristow Marchant (MJ), to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C). ECF No. 12. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. *Id.* Plaintiff filed objections to the Report, to which the Commissioner replied. ECF Nos. 13, 15. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final

1

determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. The Court also notes that the issue here is limited to whether Plaintiff was disabled prior to December 31, 2012. In her objections, Plaintiff argues that the Administrative Law Judge (ALJ) failed to properly weigh the opinions of treating physicians Drs. Tesseneer, Machimada, and Scott and others. However, after reviewing the record and the decision of the ALJ, and in light of the objections filed, the Court concludes that the ALJ supported his decision meeting the substantial evidence standard. As the MJ also noted in detailed analysis set out in his Report, the ALJ performed a significant review of the record and outlined in detail Plaintiff's medical conditions prior to December 31, 2012. The ALJ follows a two-step analysis to consider subjective statements about impairments and symptoms. *Lewis v. Berryhill,* 858 F.3d 858, 865–66 (4th Cir. 2017). First, he considers medical evidence showing a condition that could reasonably produce the symptoms. *Id.* Second, he evaluates intensity, persistence, and limiting effects to determine the claimant's ability to perform work. *Id.*

In this case, the ALJ considered the objective medical evidence, opinion evidence from physicians, and medical test results to determine that there are conditions that could produce Plaintiff's symptoms. R at p. 38. The Report notes that primary care records prior to December

2012 indicated a history of joint pain, including in the knees, toes, and thumbs, in addition to obesity, and swelling in the lower extremities. R at p. 19. However, as the ALJ and MJ outline, primary care records from 2007 to 2012 contain few complaints or abnormal findings concerning other joints, such as the shoulders, hips, and lower back for example. *Id.* Although her treating physicians later opined that Plaintiff could not have completed an eight-hour work day in 2012, during Plaintiff's three primary care visits that year, Plaintiff's physicians reported no abnormal neurological or musculoskeletal findings during the relevant period. *Id.* The record shows that Plaintiff was ambulating normally during her visits to treating physicians in 2012 and even after her DLI. R at p. 21.

The ALJ also reviewed Plaintiff's own statements, including those made to physicians and made by Plaintiff regarding her daily activities, to determine the intensity, persistence, and limiting effects in creating the RFC. *Id.* at 38–61. Plaintiff testified that prior to December 31, 2012, she was able to perform various chores around the house and engage in activities such as shopping, going to the beach, and going out to eat. R at p. 23. As the MJ notes in the Report, in determining Plaintiff's RFC, the ALJ assigned greater exertion limitations to Plaintiff than those found by the state agency physicians. R at p. 25. For these reasons, the Court finds that the ALJ supported his findings meeting the substantial evidence standard in evaluating evidence in the record of the intensity, persistence, and limiting effects of Plaintiff's alleged symptoms.

The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the MJ, which concludes that the ALJ properly supported Plaintiff's RFC

by including a thorough narrative discussion of the relevant medical and nonmedical evidence and his reasons for giving limited weight to the opinions of the treating physicians.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 12, is **ACCEPTED**, and Plaintiff's objections, ECF No. 13, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

                                                           *s/ Terry L. Wooten*
                                                           TERRY L. WOOTEN
                                                           Senior United States District Judge

June 20, 2019
Columbia, South Carolina